IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION



CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED
JUL 27 2009
JOHN F. CORCORAN, C...
BY: /s/ ... DEPUTY CLERK

| | |
|---|---|
| CHESTER BERNARD WHITE, | ) |
| Plaintiff, | ) Case No. 7:09CV00307 |
| v. | ) |
|  | ) MEMORANDUM OPINION |
|  | ) |
|  | ) By: Glen E. Conrad |
| LARRY MULLINS, ET AL., | ) United States District Judge |
| Defendants. | ) |

Plaintiff Chester Bernard White, a Virginia inmate proceeding pro se, brings this action as a civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested pursuant to 28 U.S.C. § 1343. In his complaint, White alleges that the defendant prison officials failed to provide him with due process after charging him with violating a prison disciplinary rule. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous.[1]

### Background

White, an inmate at Red Onion State Prison, alleges the following sequence of events from which his claims arise. On April 3, 2009, officers informed White that he was being moved to Phase II of Red Onion's Progressive Housing Unit ("PHU") and ordered him to sign a "compatibility form." White refused. He claims that no policy requires an inmate to sign such a form before being assigned to a cell with another inmate. White was transferred to segregation and was given a disciplinary charge that he claims was "fabricated."[2] At the disciplinary hearing, when White tried to explain what the officers had done wrong, Officer Mullins refused to listen

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

[2] The grievances attached to the complaint indicate that White was charged with disobeying a direct order to live in his assigned cell with another inmate.

or tape record his arguments and put him out of the hearing. He was found guilty based on the testimony of the reporting officer and penalized with the loss of thirty (30) days of telephone privileges and segregated confinement. White also believes that having this disciplinary conviction on his record will cause him to be reclassified to a lower rate of earning good time credit against his sentence. White appealed his conviction, but the warden upheld it on appeal. White does not believe that any of the officers followed policy in bringing, prosecuting, or reviewing this charge.

## Discussion

To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). When a defendant is lawfully convicted and confined to jail, he loses a significant interest in his liberty for the period of the sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Inmates' conditions of confinement are necessarily subject to the broad discretion of those parties managing the prison. Gaston, 946 F.2d at 343.

Nevertheless, confinement does not strip inmates of all liberty interests, and state prison regulations may create liberty interests. Id. An inmate is not automatically entitled to due process merely because a punitive purpose underlies an action affecting his privileges. See Sandin v. Conner, 515 U.S. 472 (1995). In fact, an inmate has no right to due process even in the context of a disciplinary hearing unless the punishment imposed represents a dramatic departure from the sentence contemplated by the inmate's criminal conviction, will inevitably affect the duration of his sentence, or will otherwise impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Courts have found that Virginia's classification scheme governing prisoners' good conduct earning levels does not create a liberty interest in avoiding changes in this classification, since an inmate's status is subject to change, based on his own behavior and the discretion of

prison officials. DeBlasio v. Johnson, 128 F. Supp.2d 315, 329 (E.D. Va. 2000), aff'd, 13 Fed. App'x 96 (4th Cir. 2001). A state's failure to abide by its own procedural regulations before imposing a less favorable classification or housing assignment is not a federal due process issue, Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990), and is, therefore, not actionable under § 1983.

Under these precedents, it is clear that White's claims are legally frivolous. First, he does not allege facts indicating that his segregated confinement represents either a dramatic departure from the sentence contemplated by his criminal sentence or that the changes in his housing status impose hardships on him that are anything out of the ordinary at Red Onion. The only living condition about which he complains is the temporary loss of telephone privileges. Such fluctuations in the privileges inmates enjoy while in prison is an expected part of the necessary restraints of incarceration and do not give rise to federal due process protections.

Second, White has no protected liberty interest in remaining at a particular rate of earning good conduct time. He complains only that the challenged disciplinary conviction may cause him to be reclassified to a lower rate of earning good conduct time, not that the conviction caused him to lose any good conduct time he had already earned against his term of confinement. Because the rate of earning good conduct time in the future is variable, according to White's behavior, he has no federal right to due process protections related to that rate. Accordingly, prison officials' failure to provide him certain procedural protections before making changes to his classification does not implicate any constitutional right.

Finally, because the status changes about which he complains do not trigger a federal requirement for procedural protection, his complaints about officials' alleged mistakes during the disciplinary charging process, the hearing, and the appeals process under state prison regulations

do not state federal constitutional claims. Accordingly, his claims are not cognizable under § 1983.[3]

## Conclusion

For the stated reasons, the court finds that plaintiff's complaint must be dismissed without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff and counsel of record for the defendant.

ENTER: This 27th day of July, 2009.

/s/ Glen Conrad
United States District Judge

---

[3] Section 1983 was intended to protect only federal rights guaranteed by federal law and not claims arising under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). To the extent that White may have some claim under state law, such a claim is not independently actionable under § 1983, and the court declines to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c).

- 4 -